UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JOSEPH P. NORELLI, Regional
Director of Region 20 of the
National Labor Relations
Board, for and on behalf of
the NATIONAL LABOR RELATIONS
BOARD,

    Petitioner,

  v.

THE FREMONT-RIDEOUT HEALTH
GROUP d/b/a FREMONT MEDICAL
CENTER AND RIDEOUT MEMORIAL
HOSPITAL,

    Respondent.

NO. 2:09-cv-0623 FCD DAD

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on respondent The Fremont-Rideout Health Group's motion for stay pending appeal of the court's April 7, 2009 Order, which granted petitioner Joseph P. Norelli's, Regional Director of Region 20 of the National Labor Relations Board, for an on behalf of the National Labor Relations Board ("petitioner" or the "Board"), petition for an injunction

under § 10(j) of the National Labor Relations Act. Petitioner opposes the motion.

Federal Rule of Civil Procedure 62(c) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants . . . an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." In determining whether to issue a stay pending appeal, the court must consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Cal. Pharmacists Ass'n v. Maxwell-Jolly, --- F.3d ---, No. 09-55365, 2009 WL 975458, at *1 (Apr. 6, 2009) (citing Humane Soc'y of U.S. v. Gutierrez, 527 F.3d 788, 789-90 (9th Cir. 2008)); Warm Springs Dam Task Force v. Gribble, 565 F.2d 549, 551 (9th Cir. 1977) (citing Alpine Lakes Protection Soc'y v. Schlapfer, 518 F.2d 1089, 1090 (9th Cir. 1975)).

Respondent's motion raises the same arguments made in its original opposition to petitioner's 10(j) petition. The court addressed each of these points in its April 7, 2009 Memorandum & Order. For the reasons set forth therein, respondent has not demonstrated a likelihood of success on the merits; rather, petitioner has demonstrated a likelihood of success on its theory relating to the revocation cards and a fair chance of success on its staleness theory. Further, respondent has not set forth any evidence that irreparable injury is likely in the absence of a

2

stay.  In contrast, for the reasons set forth in the Order, petitioner has demonstrated a likelihood of irreparable injury in the absence of injunctive relief.  Finally, for the reasons set forth in the April 7, 2009 Order, the public interest and balance of hardships weigh in favor of granting petitioner's injunction and denying respondent's motion to stay.

Accordingly, respondent's motion for a stay pending appeal of the court's April 7, 2009 Order to the Ninth Circuit is DENIED.

IT IS SO ORDERED.

DATED: April 22, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE